IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JERRI JOETTE TILLETT,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT, INTERIOR BOARD OF LAND APPEALS, and DEPARTMENT OF INTERIOR,<br><br>Defendants. | CV-15-61-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

Plaintiff Jerri Joette Tillett ("Tillett"), appearing *pro se*, brought this action seeking to stop alleged ongoing and routine systemic malfeasance by Defendants respecting the Pryor Mountain Wild Horse Range ("PMWHR"). *Complaint (ECF 1).*[1] After this case initially was assigned to the Honorable Susan P. Watters, United States District Judge, the matter was reassigned to the undersigned on July 10, 2015, under Local Rule 72.2(a)(1).

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.* Any references to page numbers are to those assigned by the electronic filing system.

Two motions are before the Court: (1) Tillett's Motion for Preliminary Injunction (*ECF 2*); and (2) Tillett's "Motion for an Immediate Temporary Restraining Order (T.R.O.)[,]" (*ECF 9*). The motion for preliminary injunction seeks an immediate stay of actions taken by Defendants on the PMWHR. *ECF 2*. The motion for a temporary restraining order ("TRO") requests that the Court stop pending efforts by the Defendant Bureau of Land Management ("BLM") to gather wild horses on the PMWHR as part of BLM's management efforts on the range. *ECF 9*.

As an initial matter, the Court notes that, in addition to the instant case, Tillett has pending two other actions respecting Defendants' performance of management functions on the PMWHR: (1) *Tillett v. Bureau of Land Management, et al.* ("*Tillett I*"), CV 14-73-BLG-SPW; and (2) *Tillett v. Bureau of Land Management, et al.*, CV 15-48-BLG-SPW ("*Tillett II*").

In addition, a related matter involving management functions on the PMWHR also is pending in this Court – *Friends of Animals v. James Sparks, in his official capacity as Billings Field Officer Manager; the United States Bureau of Land Management, an agency of the United*

*States*, CV 15-59-BLG-SPW ("*FOA v. BLM*"). As discussed below, recent decisions from the other pending actions inform the Court's recommendations in this matter.

First, in *Tillett I*, Judge Watters denied a motion for preliminary injunction similar to the one pending in this case. *Tillett I*, CV 14-73-BLG-SPW (D. Mont., June 11, 2014). The Ninth Circuit Court of Appeals affirmed that ruling. *Tillett v. Bureau of Land Management, et al.*, No. 14-35509 (9th Cir., Aug. 22, 2014).

Second, in *Tillett II*, Judge Watters denied a motion for preliminary injunction similar to the one pending in this case. *Tillett II*, CV 15-48-BLG-SPW (D. Mont., June 29, 2015).[2]

Third, and most important for purposes of Tillett's pending motions in this action, Judge Watters issued an Order on July 30, 2015, in *FOA v. BLM* denying FOA's motion for a preliminary injunction that sought an order enjoining the horse gather scheduled to begin on August 3, 2015. *FOA v. BLM*, CV 15-59-BLG-SPW (D. Mont., July 30, 2015). Judge Watters reviewed the parties' memoranda and supplemental materials. She also conducted oral argument. In a

---

[2]*Tillett II* also was recently referred to the undersigned. *Id.* (docket entry dated July 10, 2015).

lengthy and thorough decision, Judge Watters concluded as follows:

> FOA has failed to show a likelihood of success, or serious questions going to [ ] the merits, or that they will suffer irreparable injury sufficient to justify the issuance of a preliminary injunction. Further, the balance of hardships and the public interest favor BLM. Therefore, FOA has failed to establish that it is entitled to a preliminary injunction[.]

*Order*, *FOA v. BLM*, CV 15-59-BLG-SPW (D. Mont., July 30, 2015).

In the case at hand, the Court has reviewed Tillett's submissions supporting both her motion for preliminary injunction and motion for a TRO. Having done so, the Court cannot conclude that Tillett has presented any evidence or persuasive argument that would cause the Court to recommend an outcome different from Judge Watters' decisions in *Tillett I*, *Tillett II*, or *FOA v. BLM*. Accordingly, for the reasons already advanced by Judge Watters in the other three pending cases,

IT IS RECOMMENDED that: (1) Tillett's Motion for Preliminary Injunction (*ECF 2*) be DENIED; and (2) Tillett's "Motion for an Immediate Temporary Restraining Order (T.R.O.)[,]" (*ECF 9*) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall

serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

    DATED this 31st day of July, 2015.

                                         /s/ Carolyn S. Ostby
                                         United States Magistrate Judge