IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| JERRI JOETTE TILLETT,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT, INTERIOR BOARD OF LAND APPEALS, and DEPARTMENT OF INTERIOR,<br><br>Defendants. | CV 15-61-BLG-SPW<br><br>OPINION AND ORDER |

Plaintiff Jerri Joette Tillett ("Tillett") filed this action seeking to stop "ongoing and routine systemic malfeasance" by Defendants with respect to the Pryor Mountain Horse Range ("Horse Range"). (Doc. 1 at 7). Tillett has moved for a preliminary injunction seeking an immediate stay of Defendants' actions on the Horse Range, (doc. 2), and for an "immediate temporary restraining order" to stop Defendants' gather of wild horses on the Horse Range. (Doc. 9)

On July 31, 2015, Magistrate Judge Carolyn Ostby issued her Findings and Recommendations recommending that this Court deny Tillett's motions. (Doc. 11). Tillett timely filed her Objections to the Findings and Recommendations and a

1

"motion for an immediate ruling" on her motions on April 10, 2015. (Doc. 15). Tillett is entitled to a de novo review of the findings and recommendations to which she objects. 28 U.S.C. § 636(b)(1).

## I. DISCUSSION

The background and history of the Pryor Mountain Wild Horse Range and the wild horse gather at issue in this case is thoroughly laid out in this court's recent order in *Friends of Animals v. BLM, et al.* CV 15-59, (Doc. 18), and is incorporated herein by reference. In that case, decided just two weeks ago, the plaintiffs moved for a preliminary injunction on the same issue, and for essentially the same reasons, as Tillett. (*See gen id.*) Judge Ostby is correct that Tillett has not presented any evidence or persuasive argument that changes this Court's assessment of the legality of the gather as analyzed previously in *Friends of Animals*.

Moreover, Tillett acknowledges that the wild horse gather to which she objects has already occurred. (Doc. 15 at 3 ) Accordingly, since the court cannot undo what has already been done, the action is moot and the claim challenging the gathers should be dismissed. *See Friends of The Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978) (Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot); *see also Florida Wildlife Fed'n v. Goldschmidt*, 611 F.2d 547, 548

(5th Cir.1980) (holding that when plaintiffs allege a violation of NEPA on a government project that has already been completed, the NEPA claim is moot).

## II. CONCLUSION

IT IS ORDERED that the proposed Findings and Recommendations for disposition of this matter entered by United States Magistrate Judge Ostby (Doc. 11) are ADOPTED IN FULL.

IT IS ORDERED that Tillett's Motion for Preliminary Injunction (Doc. 2) is DENIED.

IT IS ORDERED that Tillett's motion for immediate temporary restraining order (Doc. 9) is DENIED.

IT IS FURTHER ORDERED that Tillett's Motion for Immediate Ruling on this matter is DENIED (Doc. 15) as moot.

DATED this 13th day of August 2015.

*Susan P. Watters*
SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE